UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| DAVID VOLPI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FLOORING WAREHOUSE OF BROOKHAVEN, LLC<br><br>　　　　Defendant | Case No.: 5:23-cv-82-DCB-FKB |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, **DAVID VOLPI** ("Plaintiff" and/or "Volpi"), and brings this action for negligence against the Defendant, **FLOORING WAREHOUSE OF BROOKHAVEN, LLC.** ("Defendant" and/or "Flooring Warehouse") for damages sustained when an employee of the Defendant negligently operated a forklift and caused an amputation to a portion of the Plaintiff's left hand; all as set forth more fully below and based on the Plaintiff's information and belief:

**NATURE OF THE CASE**

1.　Defendant Flooring Warehouse operates two retail stores in Brookhaven, Mississippi that sell materials for flooring, showers, and countertops, including granite, marble, quartz and quartzite.

1

2. At the time of the accident, Volpi worked for Triton Stone Group as a truck driver delivering large slabs of natural stone to customers, including Defendant Flooring Warehouse.

3. On or about July 28, 2021, Volpi made a delivery to Defendant's store located at 102 Whitebrook Drive, Brookhaven, Mississippi at around 7:00a.m. The Defendant's employee was operating a forklift truck owned by the Defendant and equipped with an Abaco Little Giant Lifter Automatic ("Abaco") used to remove the slabs of stone from the delivery truck. Approximately two slabs were unloaded from the delivery truck. While unloading the third slab, the driver was not in a good position to lift the next 1,000-pound stone slab. Accordingly, Volpi asked the forklift operator to "hold up," and proceeded to walk in front center of slab to help attach Abaco clamp to the stone for a more secure attachment prior to lifting. Without warning, the Defendant's employee dropped the forklift truck boom causing Volpi's left index finger to be partially amputated and smashed between the actuator, the lock and the base of the Abaco clamp. Volpi notified the forklift operator that part of his hand had been crushed and, upon further examination, discovered that his left index finger was partially amputated. Volpi took immediate steps to secure the severed body part in the finger sleeve of his glove, but medical reattachment was not possible.

4. If the forklift operator had not changed the position of the Abaco without first establishing a clear line of communication with Volpi and establishing that no one

was in a pinch point prior to maneuvering the machinery and its attachments, the accident would not have occurred.

5. Thus, Plaintiff brings this personal injury action as a direct and proximate result of the negligence of Defendant Flooring Warehouse and its employee.

## THE PARTIES

6. Plaintiff David Volpi is a 59-year-old resident of Kenner, Louisiana.

7. Defendant Flooring Warehouse is a Limited Liability Company, incorporated in the State of Mississippi, with its principal place of business in the city of Brookhaven, County of Lincoln, State of Mississippi. Defendant Flooring Warehouse is a corporate citizen of Mississippi, registered to do business in this state with the Mississippi Secretary of State's Office, and may be served with process through its registered agent Bradley Beard, 805 Brookway Boulevard, Brookhaven, MS 39601. Records of the Secretary of State's office do not reflect any membership residing outside of the State of Mississippi and, accordingly, Plaintiff avers upon information and belief that the Defendant is not a resident of the State of Louisiana.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. Plaintiff is a resident of the State of Louisiana. Defendant is a resident of the State of Mississippi and is not a resident of the State of Louisiana.

9.  Venue of this action properly lies in the Southern District of Mississippi, pursuant to 28 U.S.C. § 1391(a), and within the Western Division, as it is the judicial district and division both in which a substantial part of the events or omissions giving rise to the claim occurred, and in which Defendant Flooring Warehouse does business relating to the allegations contained herein.

## OPERATIVE FACTS

10. On or about July 28, 2021, David Volpi delivered natural stone slabs to the Flooring Warehouse at 805 Brookway Blvd., Brookhaven, MS.

11. A Flooring Warehouse employee operated a forklift truck equipped with an Abaco Little Giant Lifter Automatic ("Abaco") to remove the stone slabs from the delivery truck and bring them into the warehouse.

12. Defendant Flooring Warehouse employee used the Abaco attached to the boom of the forklift truck to latch onto the stone slabs to remove them from the delivery truck.

13. The Flooring Warehouse employee was neither properly trained nor supervised in the use of the Abaco and could not engage the Abaco to the 1,000-pound stone slab.

14. Volpi advised the Flooring Warehouse employee to "hold up" or stop and attempted to assist in connecting the stone slab to the Abaco.

15. Without properly communicating with Volpi, and without properly clearing the work area for possible pinch points or hazards, the Defendant's employee lowered the

forklift truck boom, which caused the Abaco to smash Volpi's left index finger and sever the top of his finger.

16. Defendant's employee was exclusively in control of the operation of the forklift and its attachments.

17. The Plaintiff was not the supervisor of the Defendant's employee and was not responsible for his training. The Plaintiff was not in control of any of the hydraulic mechanisms located on the forklift which the operator manipulated in a manner to lower the forklift's boom and/or otherwise manipulate the position of the forklift's attachments.

18. Defendant's employee did not have a visual orientation of the forklift's load or attachments necessary to make a proper decision regarding activating the forklift or changing the orientation of its attachments to the slab being off-loaded.

19. Defendant's employee did not exercise proper verbal communication and did not possess proper work progress orientation in order to make the decision to operate the forklift's controls while the attachment to the slab was being adjusted and/or while Volpi was in close proximity to the load being lifted from its truck.

20. It was immediately apparent that Volpi needed professional medical care. Volpi traveled to the nearest emergency room in Brookhaven for emergency medical treatment. Volpi was advised by medical professionals that the portion of his left index finger could not be reattached.

21. Volpi has at all times remained diligent in his efforts to recover from the injury and to recover utilization of his hand after the permanent amputation.

22. Volpi has remained diligent in his efforts to mitigate his damages by his efforts to engage in gainful employment, although those efforts have been made while working in severe pain and with restricted use of his hand.

23. Volpi has remained diligent in his efforts to mitigate his damages by attempting to continue with his life activities such as household chores, fishing and other outdoor/indoor maintenance and recreational activities that were part of his routine and life's enjoyment before this accident. However, these activities have been diminished in their effectiveness and enjoyment due to Volpi's limited mobility in his hand as well as the significant pain he experiences due to the remnants of his finger bone pressing against the nerve endings and scar tissue which has formed around the stub of his finger.

24. Despite Volpi's genuine efforts to mitigate his damages and return to gainful employment and various aspects of his life's routines, he has suffered a considerable loss of life's enjoyment; loss of mobility and dexterity; inability to complete all of the tasks he was capable of doing for himself before the accident; inability to work the same number of hours as he was working before the accident; and an overall decrease of life's general enjoyment due to the reality that Volpi now must work in daily pain and must go through his life routines while experiencing daily pain and loss of mobility.

25. The Defendant is responsible as *respondeat superior* for the negligence of its employee.

26. The Defendant is responsible for its own negligence due to its failure to properly train and monitor its employee.

27. As a direct and proximate result of the Defendant's negligence, Volpi has sustained damages as reflected in this Complaint and as will be shown in further detail at trial.

28. Volpi's actions did not cause or contribute to the subject accident.

## CAUSES OF ACTION

### COUNT I - NEGLIGENCE

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30. At all times material hereto, Defendant Flooring Warehouse owed Plaintiff a duty of reasonable care.

31. At all times material hereto, the actions and omissions of Defendant Flooring Warehouse were negligent, grossly negligent, willful, wanton, reckless and/or careless, and Defendant Flooring Warehouse breached the duties it owed to Plaintiff including, but not limited to the following:

    a. Failing to follow proper safety procedures;

    b. Operating the forklift truck and lifter in a negligent, reckless or careless manner;

    c. Failing to provide proper training to forklift truck operator in the use of the Abaco;

    d. Failing to properly supervise forklift truck operator during the unloading of stone slabs;

e. Failing to take reasonable and ordinary steps to prevent accidents during the unloading of stone slabs from delivery vehicles; and

f. In such other particulars as evidence may show and proximately caused Plaintiff's injuries.

32. By reason of the foregoing, Plaintiff demands judgment against Defendant Flooring Warehouse for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other relief as this Honorable Court and/or jury may deem just and proper.

## INJURIES & DAMAGES

33. As a direct and proximate result of Defendant Flooring Warehouse's negligence, as set forth herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant Flooring Warehouse in an amount which shall be proven at trial.

34. As a direct and proximate result of Defendant Flooring Warehouse's negligence, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages from Defendant Flooring Warehouse in an amount to be proven at trial.

35. As a direct and proximate cause of Defendant Flooring Warehouse's negligence, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care treatment, as well as other expenses,

as a result of the injuries he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant Flooring Warehouse for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant Flooring Warehouse as follows:

A.  That Plaintiff be granted a trial by jury on all of the claims and issues;

B.  That judgment be entered in favor of Plaintiff and against Defendant Flooring Warehouse on all of the aforementioned claims and issues;

C.  That Plaintiff recover all damages against Defendant Flooring Warehouse, general damages and special damages, including economic and non-economic, to compensate Plaintiff for his injuries and suffering sustained because of Defendant Flooring Warehouse's negligence;

D.  That all costs be taxed against Defendant Flooring Warehouse;

E.  That prejudgment interest be awarded to Plaintiff according to proof; and

F.  That this Court award Plaintiff any other relief that it may deem equitable and just, including but not limited to all relief prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted, this the 29th Day of August, 2023.

        **DAVID VOLPI**

        **BY: SCIALDONE LAW FIRM, PLLC**


        <u>/s/ John A. Scialdone</u>
        John A. Scialdone, MS Bar No. 9524
        John W. Weber III, MS Bar No. 101020
        SCIALDONE LAW FIRM, PLLC
        1319 14th Street Gulfport, MS 39501

P.O. Box 4080 (39502)
Telephone: (228) 822-9340
Facsimile: (228) 822-9343
Email: jscialdone@slfirmus.com
jweber@slfirmus.com

*Attorneys for the Plaintiff*